|  |  |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | DISTRICT OF NEVADA |

| | |
|---|---|
| RAMON MURIC-DORADO,<br><br>                        Plaintiff<br><br>     v.<br><br>JAMES DZURENDA et al.,<br><br>                        Defendants | Case No. 2:19-cv-00238-RFB-NJK<br><br>**SCREENING ORDER** |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis.* (ECF Nos. 1-1, 4). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses the application.

**I.      IN FORMA PAUPERIS APPLICATION**

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 4). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

### III.  SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1). Plaintiff sues Defendants James Dzurenda, James G. Cox, Baca, NDOC, Mary Flores, Division of Parole and Probation for Nevada, Sgt. Waters, Peterson, Nancy Porter, Moses, Ken Bradshaw, Nevada Board of Parole Commissioners, Connie S. Bisbee, Tony Corda, Susan Jackson, and Does. Id. at 4-8. Plaintiff alleges three counts and seeks declaratory and monetary relief. Id. at 11, 35-37.

The complaint generally alleges that prison officials failed to correctly calculate Plaintiff's good-time credits and, as a result, unlawfully restrained and falsely imprisoned Plaintiff past his sentence expiration date. See generally ECF No. 1-1. Plaintiff's prison sentence expired on April 17, 2017, but he believes that his sentence should have expired in 2016. Id. at 9-10. Plaintiff learned about his miscalculated credits in April 2017. Id. at

9. In Counts I through III, Plaintiff alleges violations of Nevada Constitution Article 4, § 17 and Article 1, § 8; NRS §§ 200.417, 200.481, and 179.11635; and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution. Id. at 9-11.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." Id. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

In this case, Plaintiff is implicating the validity of his prior sentence. The Court acknowledges that, if it were to dismiss this case and direct Plaintiff to file a habeas corpus petition, Plaintiff could not do so because he is no longer "in custody" for the sentence that he is challenging. See 28 U.S.C.A. § 2254 (stating that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."); Maleng v. Cook, 490 U.S. 488, 492 (1989) (holding that a person is not "in custody" under a conviction after the sentence imposed for it has fully expired).

In Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006), the Ninth Circuit discussed exceptions to Heck's bar for plaintiffs no longer in custody. Id. at 704. The Ninth Circuit explained the following:

Although we held in Nonnette[1] that the plaintiff could bring § 1983 claims despite the Heck bar because habeas relief was unavailable, we did so because Nonnette, unlike Cunningham, timely pursued appropriate relief from prior convictions. Nonnette was founded on the unfairness of barring a plaintiff's potentially legitimate constitutional claims when the individual immediately pursued relief after the incident giving rise to those claims and could not seek habeas relief only because of the shortness of his prison sentence. In reversing the district court's dismissal of Nonnette's § 1983 claims, we stated:

> The fact that Nonnette has been released from the incarceration that his civil suit, if successful, would impugn, and that a habeas petition would be moot for that reason, differentiates this case from our recent decision in Cunningham v. Gates[2]. In Cunningham, the plaintiff brought a civil suit that would have impugned the conviction for which he was still incarcerated; habeas corpus was unavailable only because he had let the time for such a petition expire. Under those circumstances, we declined to take the case out of the rule of Heck.
>
> Thus, a § 1983 plaintiff's timely pursuit of available habeas relief is important. Even so, we emphasized that Nonnette's relief from Heck "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters," not challenges to an underlying conviction such as those Guerrero brought.
>
> We find Guerrero's situation to resemble Cunningham more closely than Nonnette. Guerrero never challenged his convictions by any means prior to filing this lawsuit. Nearly three years passed from his last encounter with the LAPD before he took any action at all. His failure timely to achieve habeas relief is self-imposed. Thus, as in Cunningham, though habeas relief for Guerrero may be "impossible as a matter of law," we decline to extend the relaxation of Heck's requirements. Guerrero cannot now use his "failure timely to pursue habeas remedies" as a shield against the implications of Heck. Accordingly, we hold that Heck bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy.

Id. at 705.

The Court finds that Heck bars Plaintiff's claims in this case. Plaintiff chose not to file a habeas corpus petition on this issue while incarcerated and instead decided to pursue monetary damages on the issue almost two years after his challenged sentence expired. As such, Plaintiff's case is more similar to Cunningham and Guerrero rather than Nonnette because Plaintiff waited years to challenge the application of good-time credits

---

[1] Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002).
[2] Cunningham v. Gates, 312 F.3d 1148 (9th Cir. 2002), as amended on denial of reh'g (Jan. 14, 2003).

to his expired sentence. As such, <u>Heck</u> bars Plaintiff's claims and the Court dismisses this case, with prejudice, as amendment would be futile for failure to state a claim.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is **GRANTED**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED THAT**, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Ramon Muric-Dorado, #77774** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED THAT**, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court file the complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is dismissed in its entirety with prejudice as amendment would be futile for failure to state a claim.

**IT IS FURTHER ORDERED** that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. §

1915(a)(3).

It is further ordered that the Clerk of the Court shall close the case and enter judgment accordingly.

DATED THIS 22nd day of November 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**